BEAL v. BINGHAM, Police Com'r.

(Supreme Court, Special Term, New York County.　October 8, 1908.)

MUNICIPAL CORPORATIONS—POLICE OFFICERS—RETIREMENT—PENSIONS.

　　A police officer removed from the service for disability while receiving a $1,000 salary, under Greater New York Charter (Laws 1901, p. 154, c. 466) § 354, subd. 4, authorizing the police commissioner to retire an officer, who after 10 and less than 25 years of service becomes physically disabled, on a pension amounting to not less than one-fourth nor more than one-half of the officer's salary, cannot compel the commissioner to increase the pension from $336, as fixed by the commissioner, to $500, though, had the officer been voluntarily retired, he would have been entitled under the express terms of section 355 to a $500 pension.

Application by Robert S. Beal for mandamus to Theodore A. Bingham, police commissioner.　Application denied.

Grant & Rouss, for the motion.

Francis K. Pendleton, Corp. Counsel (Royal E. T. Riggs, of counsel), opposed.

GIEGERICH, J.　The relator, a former police officer and an honorably discharged veteran of the Civil War, seeks a mandamus to compel the police commissioner to grant him a pension of $500 per annum, instead of a pension of $336 per annum now paid him.　At the time of his retirement on or about the 1st day of April, 1907, the relator was upwards of 60 years of age, and claims that under the provisions of section 355 of the Greater New York Charter (Laws 1901, p. 154, c. 466) he is entitled, as a matter of right, to a pension equal to one-half of his salary on the day of his retirement, which salary at that time amounted to $1,000 per year.　From the opposing affidavit it appears that he was removed from the service by the act of the police commissioner, who caused a physical examination to be made by the board of police surgeons, which board reported the relator unfit and unable to perform full police duty, because of physical incapacities specified in the report.

This proceeding for the relator's removal was taken under section 354 of the charter, subdivision 4 of which authorizes the police commissioner in his discretion to retire any member of the police force who shall, after 10 years' and less than 25 years' membership, become, among other things, disabled physically from performing full police duty, and to grant to the member so retired a pension in an amount not to exceed one-half and not less than one-fourth of the member's rate of compensation per annum.　The respondent concedes that, if the relator had of his own motion obtained retirement as provided in section 355, he would then have been entitled to a pension of $500, but that, as he did not seek such retirement himself, but left it to be brought about through the initiative of the police commissioner, under the provisions of section 354, he thereby becomes entitled only to the lesser pension provided for in that section.　The language of the two sections on the point in controversy is not free from difficulty, but I am inclined to accept the interpretation urged by the respondent, which is that this difference in the amount of pension

to which a member of the force would become entitled was intentionally created by the Legislature in cases like the present to encourage and reward voluntary retirement on the part of the member.

The application is therefore denied, but without costs.